## George Jones v. George E. Brennan et al., Receivers, etc.

1. INSOLVENT BUILDING AND LOAN ASSOCIATIONS—*Status of Stockholders and Creditors.*—When a holder of matured shares of stock in a building and loan association surrenders his stock, procures the cancellation of his certificate, and allows the amount due him upon his shares to remain with the association, taking therefor an acknowledgment of the indebtedness, he becomes a creditor of the association upon the same basis as outside persons, and is entitled to be preferred as to such claim above stockholders whose stock had not matured at the time the association was declared insolvent.

**Bill to Wind Up the Affairs of a Building and Loan Association.**—Intervening Petition. Error to the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed February 13, 1902.

Statement.—Plaintiff in error was a shareholder in the International Building, Loan and Investment Union. He gave notice of withdrawal of his stock. After the expiration of the statutory period he presented his certificate of shares to be canceled, in order to receive the amount due him, which was computed by the officers of the association at $1,721.25. Plaintiff's certificate was surrendered by him, received by the association and canceled. The association then paid him $721.25 in cash, and one of the officers of the association persuaded him to leave the balance of $1,000 with the association for a time. Plaintiff in error testified as to this arrangement as follows:

" That was $1,000 that I left back in it. Lucas Lumpp, one of the directors, asked me, ' You ain't a going to use all this money at the present time, and the best thing you can do is to leave $1,000 back with us, and it will draw interest at 6 per cent.' And I said I would not be able to leave it in only a couple of months anyway. And he said, ' Leave it in for six months, or you will not get any interest on it.' "

Thereupon the association gave to plaintiff in error the following writing to evidence the fact that the $1,000 had been left with the association:

"PAID UP CERTIFICATE.

INTERNATIONAL BUILDING, LOAN AND INVESTMENT UNION,
CHICAGO, ILLINOIS.

| Certificate Number | Amount |
|---|---|
| 13,396. | $1,000. |

This certifies that George Jones, of Chicago, County of Cook and State of Illinois, has deposited with the International Building, Loan and Investment Union, incorporated under the laws of the State of Illinois ($1,000), one thousand dollars, and in consideration of certain covenants and agreements contained in the terms, conditions and by-laws of this corporation, the said International Building, Loan and Investment Union agrees to pay said depositor or his heirs, executors, administrators or assigns, the sum of one thousand ($1,000) dollars within sixty (60) days after July 27, 1896.

Given under the seal of said union at Chicago, Illinois, this 27th day of January, 1896.

(SEAL.)                                      FRANK REIDLE,
FRED W. STORY,                                   President.
      Acting Secretary."

As appears from indorsements on the writing, the following amounts were paid to plaintiff in error by the association on the dates respectively set opposite the amounts, viz.: $100 September 3, 1896; $100 October 13, 1896; $200 November 5, 1896.

Thereafter no attempt was made by plaintiff in error to exercise any of the rights of a stockholder. He did, after the association had gotten into financial difficulties, attend two meetings of the stockholders, but simply as a spectator. He went with a friend who had some stock in the Union, but he did not vote.

It appears conclusively that the association was solvent when the above noted transactions were had, and that it did not become insolvent until more than a year after the withdrawal by plaintiff in error, the surrender and cancellation of his stock and the giving of the writing as an acknowledgment of the $1,000. In 1898 the association was found to be insolvent and receivers were appointed. Thereafter plaintiff in error filed his intervening petition in the proceeding wherein the receivers had been appointed, and by

his petition he prayed for the allowance and payment of his claim before any distribution of assets to shareholders of the association. In other words, he prayed that he be treated as a creditor of the association. The petition alleged that plaintiff in error had loaned said corporation $1,000.

Certain books kept by the association were introduced in evidence. The entries in these books show that the association had treated the $1,000, evidenced by the writing above set forth, as paid for ten shares of paid-up stock. But they also showed payments back to plaintiff in error of $400 of the amount. There is no evidence whatever that plaintiff in error at any time considered the $1,000 as paid for paid-up stock, and no act as a stockholder was done by plaintiff in error after the withdrawal of his shares.

The receivers answered the intervening petition of plaintiff in error, and the cause, upon the petition, answer and replication thereto, was referred to a master in chancery. The master heard evidence which went to establish the facts as before noted, and he reported that he found that the International Building, Loan and Investment Union is a corporation organized under the laws of the State of Illinois; that on January 27, 1896, George Jones was holder and owner of certain stock in said corporation, and that on that day, by agreement between the parties, value of petitioner's stock was ascertained, determined and agreed upon under a notice of withdrawal theretofore given; that a certificate representing said stock was thereupon surrendered and canceled; that a certain sum of money was paid petitioner on account of the withdrawal value of his stock, and, for the balance due, said union issued and delivered to said petitioner the following certificate of deposit (setting forth the writing herein before noted); that by its terms the certificate was payable within sixty days from July 27, 1896, and payment to the amount of $400 was afterward made on account, leaving unpaid thereon the balance of $600. And thereupon the master recommended that plaintiff in error's petition be denied

for want of equity. The court overruled plaintiff in error's exceptions to this report, denied his prayer for preference over shareholders as to his claim, ordered the receivers to pay the master's fees and deduct them from amounts which may become due to plaintiff in error as dividends, and dismiss the petition for want of equity.

From that decision this appeal is prosecuted.

SPENCER WARD and R. J. FELLINGHAM, attorneys for plaintiff in error.

PAM, CALHOUN & GLENNON, attorneys for defendants in error.

MR. JUSTICE SEARS delivered the opinion of the court.

We are of opinion that upon the facts established by the evidence and found by the master in chancery, the recommendation of the master that plaintiff in error's petition be dismissed was unwarranted, and that the decree of the court dismissing the petition for want of equity was erroneous. Plaintiff had ceased to be a shareholder by the withdrawal of his shares, the surrender of the certificate to the association and the receipt and cancellation of the same by the association while it was a solvent concern. This is established beyond controversy, and it is in effect so found by the master. The learned counsel for the defendants in error contended that by a system of book-keeping the association made this transaction into a subscription for and payment upon other shares of stock, but no acquiescence or knowledge of plaintiff in error is shown. It is conclusively established that he agreed only to leave a part of the money, due him upon the withdrawal of his stock, with the association for a stated time. He had ceased to be a shareholder by the acceptance and surrender of his shares of stock. It was upon his ceasing to be a shareholder that this money became due him. The association could not, merely by its book-keeping, again make him a shareholder for new stock without his consent or knowledge. The master does not find any facts to support this contention of

defendants in error, and yet he recommends a decree in accordance with the contention.

We are of opinion that the facts of this case bring it squarely within the decision of this court in Gallagher v. Brennan, 99 Ill. App. 81.    In that case it was held that a withdrawing stockholder, who had permitted his certificate of stock to be canceled by the association while it was a solvent concern, might leave with the association the money due to him upon such withdrawal, and thereby become a creditor of the association.    It was held that thus leaving money due to him from the association did not bring him within the class of Kriete, in Columbus Association v. Kriete, 192 Ill. 128, for Kriete did not defer taking money due to him from the association in a proper transaction, but brought money to the association for deposit, the receiving of which by the association for that purpose was held to be unauthorized.    In this case, as in the Gallagher case, plaintiff in error had severed all relation to the association as a shareholder, had no voice in the management of the association, and had been treated merely as a creditor by payments at different times upon the balance due him.    The fact of these several payments at different times, amounting to $400, is wholly irreconcilable with the theory that the money thus retained was received by the association upon a new stock subscription.    The doctrine contended for by counsel, that once a stockholder, always a stockholder, until fully paid the amount due upon withdrawal. irrespective of cancellation of stock and termination of membership, can not be sustained, in view of the decisions in Rickert v. Suddard, 184 Ill. 149, where Mrs. Rickert was held to be a creditor and not a shareholder, and in view of the decision noted in the Gallagher case.    It is true that in the Rickert case, the withdrawing member had received a check on bank for the amount due to her, but it is also true that the check had never been cashed, and at the time of the adjudication the money due to her upon her withdrawal still remained in the hands of the receivers of the association.    Yet she was held to have been a creditor and not a

shareholder. We regard these decisions as applying and controlling.

In Dooling v. Smith, 89 Ill. App. 26, cited and relied upon by defendants in error, it appears that the shares of the member who undertook to withdraw were not surrendered and canceled before insolvency. Therefore the decision does not apply.

It is also contended by counsel for defendants in error that there is a variance, in that the petition of plaintiff in error alleges that the money in question was loaned by him to the association. We are of opinion that the decision in Columbus Association v. Kriete, 192 Ill. 128, sufficiently disposes of this contention. The court said in that case, in disposing of a like objection, "The claimants are not in the *status* of original suitors; nor do we think the same strictness of allegation should be applied to them." We are of opinion that the allegations of plaintiff in error's petition are sufficient to warrant relief prayed, and upon the facts established.

The decree is reversed and the cause is remanded.